# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| BENJAMIN B. BENNETT, | * |
| Petitioner, | * |
| vs. | * CASE NO. 7:00-CR-14-001 (WLS) |
| | * Rule 60(b)(6) |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Petitioner Benjamin B. Bennett was indicted in this Court on May 18, 2000, for the offenses of Possession With Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) in Count I, and Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841 (a)(1)(b)(1)(A)(iii) in Count II of the Indictment. (R-1). On June 7, 2001, Petitioner was convicted at jury trial of both Counts as charged. On June 7, 2001, the Court sentenced Bennett to 240 months imprisonment on each Count to run concurrently. (R-91). Bennett appealed his conviction and sentence, but the same were affirmed by the Eleventh Circuit Court of Appeals and made the mandate of this court on March 18, 2002. (R-100). Petitioner's Attorney filed a 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or Correct his Sentence on February 24, 2003. (R-115). However, he moved to withdraw the Motion on April 21, 2003. (R-119).

On May 27, 2003, the District Court reduced Bennett's sentence pursuant to Government's Rule 35 Motion pursuant to Federal Rules of Criminal Procedure to 168

months imprisonment. (R-120). Petitioner Bennett has now filed a "RULE 60(b)(6) MOTION FOR DOWNWARD DEPARTURE BASED ON EXTRAORDINARY OR COMPELLING CIRCUMSTANCEES THAT WERE NOT FORESEEN BY THE COURT AT TIME OF SENTENCING." (R-166). Bennett states in his Motion that he has exhausted his administrative remedies and includes copies of multiple petitions to the Bureau of Prisons, all of which have been denied by the Bureau of Prisons. Petitioner Bennett alleges in his Motion that:

> The B.O.P. does not have adequate funding for needed educational or vocational training at its Federal Medical Centers, nor are they willing to transfer me to a facility where I may pursue furthering my education and vocational training. I wish to obtain a degree in business.

Bennett points out that his "affidavit of fact Motion clearly states the facts concerning my request for early release and downward departure." Petitioner also states, "As with many others, I have a dream of being a successful business(man) in society. I need an education and vocational training, and it should not be delayed." Petitioner Bennett's Rule 60(b)(6) Motion seeks relief beyond the jurisdiction of this Court.

In *Boone v. Sec'y, Dept. Of Corr.*, 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.*, the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . .
> Sitting en banc our Court found that the Supreme Court's recent

decision in *Calderon*[1] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[2] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that, if the Rule 60(b) motion is not designed to **prevent** a fraud upon the court, but rather to re-open his habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court had ruled earlier, in 2004, in *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d 1253, 1277 that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the district court to consider it. The point of the rule we announce today is that the petitioner may not get around the statutory restrictions on second and successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within one of the exceptions of the two statutory exceptions.

Wherefore, the United States Court of Appeals for the Eleventh Circuit has made clear

---

[1] *Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[2] " 'Fraud upon the court' . . . embraces only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

3

that the District Court cannot assume jurisdiction of a Rule 60(b) Motion, such as that of Petitioner Bennett, seeking relief which this court cannot grant. If Petitioner Bennett has cause for this court to review his sentence, he must seek authorization from the United States Court of Appeals for the Eleventh Circuit to direct this Court to do so.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Bennett's Rule (60)(b) Motion be DISMISSED. Petitioner may make application to the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) as stated above. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 12th day of June 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE